IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAVID BENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 12-1079-GMS |
| | ) | |
| CARL DANBERG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

The plaintiff, David Benson ("Benson"), a former inmate[1] at the Sussex Correctional

Institution ("SCI"), Georgetown, filed this lawsuit on August 28, 2012, pursuant to 42 U.S.C.

§ 1983[2] (D.I. 3.)  He proceeds *pro se* and has been granted leave to proceed *in forma pauperis.*

The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and

§ 1915A.

## I. BACKGROUND

Benson alleges that on October 31, 2011, he was abused by two unnamed white

correctional staff members at the SCI Merit Building.  Benson's clothes were taken and he was

left naked in a cold cell for over one-half hour.  It is unknown how long Benson remained naked.

After Benson completed an evaluation, he returned to the SCI.  On January 5, 2012, Benson

reported the abuse to a Delaware Superior Court judge and the Delaware public defender.  The

judge directed Benson to report the abuse.

---

[1]On October 11, 2012, the court was advised that Benson was no longer incarcerated.

[2]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins*, 487 U.S. 42, 48 (1988).

Benson reported the abuse by writing letters to the defendants Carl Danberg ("Danberg"), SCI Warden G. R. Johnson ("Johnson"), and Delaware Deputy Attorney General Martin Cosgrove ("Cosgrove"). On June 14, 2012, Lt Bradley ("Bradley'), admitted to wrong-doing by correctional/staff members, but no action has been taken.[3] Benson has written to numerous other state officials. To date, no action has been taken to conduct an investigation. Benson states that he feared for his life at the SCI. As discussed above, Benson is no longer incarcerated.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Benson proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly

---

[3]Bradley is not a named defendant.

baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Benson leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Benson has a "plausible

claim for relief."[4]  *Id.* at 211.  In other words, the complaint must do more than allege Benson's

entitlement to relief; rather it must "show" such an entitlement with its facts.  *Id.*  "[W]here the

well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct,

the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Iqbal*, 556

U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Initially the court notes that there is no mandatory duty upon the defendants to investigate

the matter of which Benson complains.  *See Schaeffer v. Wilson*, 240 F. App'x 974, 976 (3d Cir.

2007) (unpublished) (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 382 (2d

Cir. 1973) (holding inmates failed to state a claim against state officials for failing to investigate

or prosecute civil rights violations).  In addition, the complaint fails to allege the requisite

personal involvement of the defendants.  To establish personal liability against a defendant in a

§ 1983 action, a defendant must have personal involvement in the alleged wrongs; liability

cannot be predicated solely on the operation of respondeat superior.  *Rizzo v. Goode*, 423 U.S.

362 (1976).  Accordingly, individual liability can be imposed under § 1983 only if the state actor

played an "affirmative part" in the alleged misconduct.  *Rode v. Dellarciprete*, 845 F.2d 1195,

1207 (3d Cir. 1988).  Personal involvement by a defendant can be shown by alleging either

---

[4]A claim is facially plausible when its factual content allows the court to draw a
reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer
possibility that a defendant has acted unlawfully." *Id.*  "Where a complaint pleads facts that are
'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
plausibility of 'entitlement to relief.'" *Id.*

personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207.

Here, Benson seeks to hold the defendants responsible for failing to take action after he wrote letters of complaint. Their alleged failure to act following his complaints, however, is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation).

Therefore, the court will dismiss the claims against the defendants as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). It appears plausible that plaintiff may be able to articulate a claim against the unknown white correctional officers for the alleged violation of his Eighth Amendment rights. Accordingly, Benson will be given an opportunity to amend the complaint.

## IV. CONCLUSION

For the above reasons, all claims against the defendants will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). As set forth in the body of this Memorandum, Benson will be given leave to amend the complaint.

An appropriate order will be entered.

CHIEF UNITED STATES DISTRICT JUDGE

_____, 2013
Wilmington, Delaware

5